**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
(973) 736-4600
(973) 325-7467 Facsimile
Jeffrey M. Rosenthal
jrosenthal@mblawfirm.com
Vincent J. Roldan
vroldan@mblawfirm.com
Katie F. Warren
kwarren@mblawfirm.com
*Proposed Counsel for Francesca's Acquisition, LLC, et al.*

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| FRANCESCA'S ACQUISITION, LLC,[1] | ) ) | Case No. 26-[_____] (___) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 86-1353616 | ) ) | |
| In re: | ) ) | Chapter 11 |
| FRANCESCA'S ADMINISTRATIVE MANAGEMENT, INC., | ) ) ) | Case No. 26-[_____] (___) |
| Debtor. | ) ) ) ) | |
| Tax I.D. No. 86-1685788 | ) ) | |
| In re: | ) ) | Chapter 11 |
| FRANCESCA'S OPERATIONS, INC., | ) ) | Case No. 26-[_____] (___) |
| Debtor. | ) ) ) | |
| Tax I.D. No. 86-1706872 | ) ) | |
| In re: | ) ) | Chapter 11 |
| FRANCESCA'S IP COMPANY, INC., | ) ) | Case No. 26-[_____] (___) |
| Debtor. | ) ) | (Joint Administration Requested) (Shortened Notice Requested) |
| Tax I.D. No. 86-1759588 | ) | |

---

[1] The Debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Francesca's Acquisition, LLC (3616); Francesca's Operations, Inc. (6872);

# DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):

## Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) granting related relief. Specifically, the Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Francesca's Acquisition, LLC, and that the cases be administered under a consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| FRANCESCA'S ACQUISITION, LLC, *et al.*,[1] | Case No. 26-[_____] (___) |
| Debtors. | (Jointly Administration Requested) (Shortened Notice Requested) |

2. The Debtors further request that the Court orders that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

---

[1] Francesca's Administrative Management, Inc. (5788); and Francesca's IP Company, Inc. (9588). The Debtors' service address is 8760 Clay Road, Suite 100, Houston, TX 77080.

**Jurisdiction and Venue**

3.  The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Bankruptcy Local Rules").

**Background**

6.  On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have requested that the chapter 11 cases (the "Chapter 11 Cases") be jointly administered.

7.  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.  No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

9. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Curt Kroll, Chief Restructuring Officer of Francesca's Acquisition, LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>") filed contemporaneously with the Motion.[2]

## **Basis for Relief**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "the [C]ourt may order joint administration of the estates in . . . two or more cases pending in the [C]ourt if they are brought by . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Thus, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Thrasio Holdings, Inc.*, Case No. 24-11840 (CMG) (Bankr. D.N.J. March 1, 2024) (directing joint administration of chapter 11 cases); *In re Invitae Corp.*, Case No. 24-11362 (MBK) (Bankr. D.N.J. Feb. 16, 2024) (same); *In re Careismatic Brands, LLC*, Case No. 24-10561 (VFP) (Bankr. D.N.J. Jan. 24, 2024) (same); *In re DirectBuy Home Improvement, Inc.*, Case No. 23-19159 (SLM) (Bankr. D.N.J. Nov. 9, 2023) (same); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 8, 2023) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 17, 2023) (same); *In re Bed Bath & Beyond, Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. Apr. 24, 2023) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023) (same).[3]

---

[2] Capitalized terms used but not otherwise defined in this Motion have the meanings ascribed to them in the First Day Declaration.

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

12. Joint administration for procedural purposes only is appropriate in the Debtors' cases. Given the integrated nature of the Debtors' operations, joint administration will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. Joint administration will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases efficiently and with greater ease, as all filings will be available on one docket rather than across several dockets.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies. This Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; rather, parties in interest will benefit from (a) the cost reductions associated with the joint administration of these chapter 11 cases, and (b) ease of reference to the Lead Case throughout the chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## The Requirements of Bankruptcy Rule 6003(a) Are Satisfied

14. Bankruptcy Rule 6003 allows a court to grant relief within the first 21 days of a case to the extent that "relief is needed to avoid immediate and irreparable harm." Pursuant to that Bankruptcy Rule, the Debtors request expedited consideration of this Motion. Relief is appropriate now because prompt effectiveness is necessary to avoid immediate and irreparable harm to the estates and to maintain stability during the early stages of these Chapter 11 Cases. Immediate relief will preserve going-concern value and support continuity and confidence among key stakeholders. For these reasons, the Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003, and the Motion should be granted on an expedited basis

## Notice

15. The Debtors will provide notice of this Motion to the following parties or their respective counsel: The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the U.S. Trustee for the District of New Jersey, Attn: Fran B. Steele, Esq. (Fran.B.Steele@usdoj.gov); (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel for Debtors' prepetition lender; (d) counsel to the proposed debtor in possession financing lender; (e) the United States Attorney's Office for the District of New Jersey; (f) the Internal Revenue Service; (g) the offices of the attorneys general for the states in which the Debtors conduct business; (h) the Environmental Protection Agency; (i) other governmental agencies having a regulatory or statutory interest in these cases; (j) the Securities and Exchange Commission; and (k) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.

[*Remainder of page left blank intentionally*]

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: Roseland, New Jersey
February 5, 2026

MANDELBAUM BARRETT PC

By: */s/ Vincent J. Roldan*
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Jeffrey M. Rosenthal
(N.J. Bar No. 008231982)
jrosenthal@mblawfirm.com
Vincent J. Roldan
(N.J. Bar No. 045371998)
vroldan@mblawfirm.com
Katie F. Warren
(N.J. Bar No. 540842025)
kwarren@mblawfirm.com
*Proposed Counsel for Francesca's Acquisition, LLC, et al.*